**Albert MACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45002.**

Court of Criminal Appeals of Texas.

May 24, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction was for the offense of burglary; the punishment, enhanced under the provisions of Article 63, Vernon's Ann.P.C., by two prior burglary convictions, life imprisonment.

The only ground of error urged is the insufficiency of the evidence. More specifically appellant argues "That failure on the part of the State of Texas to show when your appellant's prints were imprinted on the window inside the building constitutes substantial error in that the existence of the prints failed to prove that your appellant committed the crime for which he is charged."

The appellant's fingerprints were found on broken pieces of glass inside of the building close to a window where entry was made. The appellant testified that he had been on these premises close to the same window the day before the burglary, while he was talking to a salesman about buying his automobile.

Short, an engineer for a manufacturing company, testified that he was a reserve officer for the Dallas Police Department. He was on duty in "Operation Extra Eye," patrolling areas of high crime incidence to detect anything of a suspicious nature. Short and his partner, at about 11:45 p. m., observed on the lot of the Vernon Motor Company an individual leaving a 1962 model white Oldsmobile, and proceeding toward a building. They drove about one block, turned around, came back, parked and observed the individual whom they identified as the appellant inside of the building. Short summoned aid and on their arrival the police officers found that a window had been broken and that property on the premises had been disturbed. When other officers arrived the appellant was seen about one-half block away, hiding behind a telephone pole. After an on-foot chase the uniformed officers found the appellant hiding on the wet ground under a hedge. The white, 1962 model Oldsmobile automobile, which was parked near the building broken into, was shown to belong to the appellant.

The owner of the building testified that certain personal property was missing and that the appellant did not have permission or authority to enter the burglarized building.

The appellant, testifying in his own behalf, made certain explanations of his presence in that vicinity, but denied that he had broken into the building.

Proof of the prior convictions was properly made.

The jury's verdict resolved the disputed issues.

The evidence is amply sufficient to sustain the appellant's conviction.

The judgment is affirmed.

Opinion approved by the Court.